IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

PAUL HARDAWAY AND
JACQUELINE HARDAWAY                                                          PLAINTIFFS

V.                                                      CIVIL ACTION NO. 3:15CV175-NBB-SAA

LITTON LOAN SERVICING, LP;
OCWEN LOAN SERVICING, LLC;
AND RUSHMORE LOAN MANAGEMENT
SERVICES, INC.                                                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the defendants' motion to dismiss. Upon due consideration of the motion, briefing, and authority, the court is ready to rule.

The plaintiffs Paul and Jacqueline Hardaway filed their complaint against the defendants, Litton Loan Servicing, LP; Ocwen Loan Servicing, LLC; and Rushmore Loan Management Services, Inc., in the Chancery Court for the Third District in Hernando, Mississippi, on September 8, 2015. No summons was issued. The defendants subsequently removed the case to this court on October 13, 2015, asserting diversity jurisdiction.

On October 19, 2015, the defendants filed their motion to dismiss premised on the plaintiffs' failure to issue and serve summons on the defendants in accordance with the Federal Rules of Civil Procedure.[1] The court entered a show cause order on January 25, 2016, directing the plaintiffs to show why the case should not be dismissed for failure to prosecute. In response to the show cause order, the plaintiffs advised the court that they intended to retain counsel. The court allowed the plaintiffs until February 29, 2016, to retain counsel who enters an appearance

---

[1]An amended motion was filed on December 9, 2015, with a new certificate of service, as the previous electronic service was insufficient to put the pro se litigants on notice of the original filing.

on their behalf or notify the court that they intend to proceed pro se. The plaintiffs were unable to retain counsel but issued summons on March 2, 2016. The defendants, however, have yet to receive service of process.

On April 7, 2016, the defendants filed an additional motion to dismiss on the same grounds as the previous motions, ostensibly to reflect the procedural history occurring between their first filings and the new motion. At that point 212 days had elapsed since the complaint was filed, and the defendants still have not received service of process.

Federal Rule of Civil Procedure 4(m) provides in part: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against the defendant . . . ." The court finds that the proper action is to dismiss this case without prejudice at this time. A separate judgment in accordance with this opinion shall issue this day.

This, the 10th day of May, 2016.

 /s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**